# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ALPHAMARK CAPITAL, LLC, a Utah limited liability company; TEQUILA MASTERS SOLUTIONS, INC., a Nevada corporation; TM INVESTMENTS, LLC, a Nevada limited liability company; PRICE DEVELOPMENT, LLC, a Utah limited liability company; LWR-SCHULTE LLC, a Florida limited liability company,<br><br>  Plaintiffs,<br><br>vs.<br><br>JOSEPH PEP KATCHER (A.K.A. JOSE NUNO AVINA), an individual; GRUPO ESCALA USA, INC., an Arizona corporation; GRUPO ESCALA MEXICO, S.A. DE C.V., a Mexican corporation; CT7 USA, INC., an Arizona corporation; LOS DIABLOS INTERNATIONAL, INC., an Arizona corporation; CERVEZA ARTESANAL TAPATIA, S.A. DE C.V., a Mexican corporation; EMBOTELLADORA GEMEX, S.A. DE C.V., a Mexican corporation,<br><br>  Defendants.<br>_____<br><br>GRUPO ESCALA MEXICO, S.A. DE C.V., a Mexican corporation; CT7 USA, INC., an Arizona corporation; LOS DIABLOS INTERNATIONAL, INC., an Arizona corporation;<br><br>  Counterclaimants and Third-Party Plaintiffs,<br><br> vs.<br><br>JAKE MELLOR, an individual; ALPHAMARK CAPITAL, LLC, a Utah limited liability company; TEQUILA MASTERS SOLUTIONS, INC., a Nevada corporation; TM INVESTMENTS, LLC, a Nevada limited liability company; PRICE DEVELOPMENT, LLC, a Utah limited liability company; LWR-SCHULTE LLC, a Florida limited liability company,<br><br>  Counterclaim and Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24CV00590 DAK**<br><br>**Judge Dale A. Kimball** |

This case is before the court on Plaintiffs/Counterclaim and Third-Party Defendants' (hereinafter "Plaintiffs") [1] Motion to Dismiss for Failure to Join Indispensable Parties and Failure to State a Claim or, in the Alternative, for Compulsory Joinder of Necessary Parties. The court held oral argument on April 16, 2025. At the hearing, Nathaniel E. Broadhurst and Walter A. Romney, Jr., represented Plaintiffs. Lydon Rone Bradshaw and James D. Gilson represented Defendants/Counterclaimants Grupo Escala USA, Inc. ("GEUSA"); CT7 USA Inc.; and Los Diablos International, Inc. (collectively, "Counterclaimants"). At the conclusion of the hearing, the court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order denying Plaintiffs' Motion to Dismiss for Failure to Join Indispensable Parties and Failure to State a Claim or, in the Alternative, for Compulsory Joinder of Necessary Parties.

This case arises from a failed business transaction between Plaintiffs and Counterclaimants. Between June 2023 and March 2024, the parties entered into a several agreements. Both sides claim that the other side failed to perform under the various agreements. In addition, Counterclaimants assert claims against Plaintiffs for fraudulent misrepresentation and misappropriation of trade secrets under the Defend Trade Secret Act.

In the instant motion, Plaintiffs assert that Joseph Pep Katcher ("Katcher"); Grupo Escala Mexico, S.A. de C.V. ("GEMEX"); Cerveza Artesanal Tapatia, S.A. de C.V. ("Cerveza Artesanal"); and Embotelladora GEMEX, S.A. de C.V. ("Embotelladora") are indispensable parties under Rule

---

[1] Plaintiffs are AlphaMark Capital, LLC; Tequila Masters Solutions, Inc.; TM Investments, LLC; Price Development, LLC; and LWR-Shulte LLC ("LWR"). In addition, Jake Mellor is a Third-Party Defendant.

19.[2] Plaintiffs argue that the court must dismiss the counterclaims against them for failure to join indispensable parties, or in the alternative, order compulsory joinder of these necessary parties. Plaintiffs also argue that Counterclaimants have failed to state a claim for fraudulent misrepresentation or misappropriation of trade secrets.

A court may dismiss a claim for failure to join an indispensable party under Rule 19 only if it finds that (1) a prospective party is necessary, (2) the necessary party cannot feasibly be joined, and (3) joining the party is so important that the action cannot "in equity and good conscience" proceed in that person's absence. *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012). Under Rule 19(a)(1), a party is necessary if:

> (A) in that [party's] absence, the court cannot accord complete relief among existing parties; or
>
> (B) that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may:
>
>> (i) as a practical matter impair or impede the [party's] ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Considering these factors, the court finds that Katcher, GEMEX, and Cerveza Artesanal are not necessary parties to the asserted counterclaims. While there is some question as to the legal ramifications of Mr. Katcher having signed several of the agreements in both his individual capacity and on behalf of the relevant business entity, Plaintiffs may conduct discovery on that issue and file an appropriate motion at a later date. Because Katcher, GEMEX, and Cerveza

---

[2] During the briefing on this motion, Plaintiffs conceded that Embotelladora is not an indispensable party.

Artesanal are not necessary parties, the court declines to dismiss the counterclaims or to order compulsory joinder of these parties.

The court also declines to dismiss Counterclaimants' Eleventh Claim for Relief for Fraudulent Concealment or Omission or their Twelfth Claim for Relief for Misappropriation of Trade Secrets Under the Defend Trade Secret Act. Counterclaims have sufficiently pleaded both claims for relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss US Entity Defendants' Counterclaims for Failure to Join Indispensable Parties and Failure to State a Claim, or in the Alternative, for Compulsory Joinder of Necessary parties [ECF No. 36] is DENIED.

DATED this 24th day of April 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge