**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

ALPHAMARK CAPITAL, LLC, a Utah limited liability company; TEQUILA MASTERS SOLUTIONS, INC., a Nevada corporation; TM INVESTMENTS, LLC, a Nevada limited liability company; PRICE DEVELOPMENT, LLC, a Utah limited liability company; LWR-SCHULTE LLC, a Florida limited liability company,

Plaintiffs,

vs.

JOSEPH PEP KATCHER (A.K.A. JOSE NUNO AVINA), an individual; GRUPO ESCALA USA, INC., an Arizona corporation; GRUPO ESCALA MEXICO, S.A. DE C.V., a Mexican corporation; CT7 USA, INC., an Arizona corporation; LOS DIABLOS INTERNATIONAL, INC., an Arizona corporation; CERVEZA ARTESANAL TAPATIA, S.A. DE C.V., a Mexican corporation; EMBOTELLADORA GEMEX, S.A. DE C.V., a Mexican corporation,

Defendants.

AND RELATED CONTERCLAIMS AND THIRD-PARTY CLAIMS

**MEMORANDUM DECISION AND ORDER**

Case No. 2:24-cv-00590-DAK-CMR

Judge Dale A. Kimball

Magistrate Judge Cecilia M. Romero

This matter is before the court on Defendants' Motion to Dismiss Plaintiffs' Claims with Prejudice [ECF No. 75]. Having fully considered the motion, memoranda, and the facts and law relevant to this motion, the court enters the following Order.

**Background**

On August 16, 2024, Plaintiffs filed this lawsuit alleging claims based on breach of contract, promissory estoppel, and unjust enrichment. Plaintiffs are seeking damages of more than $2.2 million, specific performance and other relief. On January 15, 2026, Magistrate Judge Romero granted the Motion to Withdraw as Counsel [ECF No. 71] filed by Walter A. Romney, Nathaniel E. Broadhurst, and Katherine B. Tatum, thereby removing them as counsel for Plaintiffs and Third-Party Defendant Jake Mellor.

In granting the Motion to Withdraw as Counsel, Magistrate Judge Romero ordered that entity parties shall file a Notice of Appearance by new counsel and that "[p]ursuant to DUCivR 83-1.3 no entity may appear *pro se* but must be represented by an attorney who is admitted to practice in this court." [ECF No. 74]. Magistrate Judge Romero warned that a party who failed to file a Notice of Appearance as directed may be subject to sanctions pursuant to Federal Rules of Civil Procedure 16(f)(1), including dismissal or default judgment. The action was stayed for 21 days after entry of the order. The stay expired on February 5, 2026, without Plaintiffs filing the ordered Notice of Appearance.

On May 22, 2026, Defendants filed the present Motion to Dismiss pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and DUCivR 83-1.4(d). Plaintiff filed no opposition to the Motion to Dismiss before the time to respond expired. The court issued an Order to Show Cause [ECF No. 78] directing Plaintiff to respond to Defendants' motion within 14 days or the case would be dismissed. On June 30, 2026, Plaintiffs finally filed a Notice of Appearance of

Counsel [ECF No. 79]. Attorney Shane Clifford entered his appearance on behalf of all Plaintiffs except LWR-Schulte LLC, which remains unrepresented. Mr. Clifford stated that he was acting as local counsel for attorney Dusitn A. Lane, who would appear *pro hac vice* and claimed Mr. Lane's paperwork to enter a *pro hac vice* appearance was "being prepared and will be filed in short order." To date, no such motion has been filed in this case. On July 1, 2026, Plaintiffs filed an opposition to the Motion to Dismiss. Defendants submitted a timely reply.

**Discussion**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal under Rule 41(b), "operates as an adjudication on the merits," unless stated otherwise. Fed. R. Civ. P. 41(b). The factors considered when determining if dismissal is appropriate are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* Courts are instructed to evaluate these factors on the record. *Id.*

Here, Plaintiffs' noncompliance prejudiced Defendants. Plaintiff remained unrepresented through the written and fact discovery deadlines, depriving Defendants of the orderly discovery process established by the court. Reopening discovery now would impose additional expense and delay and require Defendants to resume defending substantial claims that Plaintiffs were legally incapable of prosecuting for months.

Second, Plaintiffs substantially interfered with the judicial process. Their failure to obtain counsel rendered them unable to file papers, respond to discovery, appear at hearings or otherwise prosecute their claims. Their inaction also allowed the scheduling order to become unworkable and required Defendants to file the present motion and the court to issue an order to show cause. Plaintiff's participation before their counsel withdrew does not excuse their substantial disregard of the court's direct order.

Third, Plaintiffs are culpable for noncompliance. Plaintiffs knew of the deadline to retain counsel. Their asserted difficulties locating counsel, financial concerns, unrelated litigation and personal circumstances may explain some delay, but they do not establish that compliance was impossible. Plaintiffs did not obtain local counsel until after Defendants moved to dismiss and the court ordered a response. The prolonged and knowing failure to comply was therefore not an isolated or inadvertent lapse.

Fourth, Plaintiffs received an explicit warning. Magistrate Judge Romero's January 15 order informed them that failure to obtain replacement counsel could result in dismissal or default judgment. Plaintiffs' contention that they did not appreciate the full legal effect of dismissal does not negate the court's clear warning.

Finally, lesser sanctions would not adequately address the violation. Plaintiffs disregarded a direct order despite an express warning, remained unrepresented for approximately six months, and allowed material discovery deadlines to expire. Monetary sanctions would not restore the lost discovery period, and simply reopening the schedule would shift the consequences of Plaintiffs' noncompliance to Defendants. Although local counsel has now appeared, the belated appearance does not cure the prior violation or the resulting disruption.

Nor does the continued failure to file the anticipated *pro hac vice* motion provide assurance that a further extension or warning would secure diligent compliance.

The court recognizes the strong preference for resolving claims on their merits. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007). But Plaintiffs initiated this action and remained responsible for prosecuting it and complying with the court's orders after their counsel withdrew. Under these circumstances, the aggravating factors outweigh that preference and dismissal with prejudice is warranted.

**Conclusion**

Based on the foregoing reasoning, Defendants' Motion to Dismiss is GRANTED. This dismissal does not resolve Defendants' counterclaims or third-party claims, which remain pending. Those parties shall file a status report within fourteen days of the date of this order notifying the court how they wish to proceed with the remaining claims. Local counsel remains counsel of record for Plaintiffs in defending those claims unless and until the court grants leave to withdraw.

DATED this 28th day of September 2026.

DALE A. KIMBALL
United States District Judge